IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DOMINIQUE JENNETTE, as next friend of William Edward Jennette, Jr., deceased,<br><br>PLAINTIFF<br><br>VERSUS<br><br>CHRISTOPHER STALLINGS,<br>BRANDON MILLER,<br>KENDRA BURTON,<br>SHERRELL SUMMERS,<br>CITY OF LEWISBURG, TN, and<br>MARSHALL COUNTY, TN,<br><br>DEFENDANTS | ) ) ) ) ) ) CASE NO. 1:20-cv-00068 ) ) JURY DEMAND ) ) ) ) ) ) ) ) |

## ANSWER TO AMENDED COMPLAINT

Comes now the Defendants, Christopher Stallings and Bryce Roberts, by and through counsel, and for response to the Amended Complaint against them, each would state and show unto the Court as follows:

1. It is admitted that this suit was brought pursuant to 42 U.S.C. § 1983. It is denied that the civil rights of Plaintiff's decedent were violated, and it is denied that this Defendant engaged in any unconstitutional or actionable conduct toward Plaintiff's decedent, William Edward Jennette, Jr., at any time. This Defendant denies that he is liable to the Plaintiff by virtue of any theory of law whatsoever.

2. The existence of federal question jurisdiction is admitted, as well as venue. It is averred that this Court should decline to exercise supplemental jurisdiction over any

1

state law claims, including, specifically, any claims concerning the Tennessee Governmental Tort Liability Act.

3. It is admitted that the Plaintiff is attempting to assert claims against certain defendants pursuant to the Tennessee Governmental Liability Act, but it is averred that no such claim may be brought against this Defendant pursuant to same, and, further that this Court should decline to exercise supplemental jurisdiction over any Tennessee Governmental Tort Liability claims against any parties.

4. These Defendants are without sufficient knowledge or information to admit or deny the allegations of Paragraph Number 4, and demand strict proof of the same.

5. It is admitted that the Defendant, Christopher Stallings, was employed by the City of Lewisburg, Tennessee, as a law enforcement officer. It is denied that Defendant Stallings is liable to the Plaintiff by virtue of any theory of law.

6. Upon information and belief, it is admitted that Defendants, Miller, Burton and Summers, were employees of Marshall County. The allegations of this Paragraph are not directed to this Defendant, and no response is required.

7. Upon information and belief, it is admitted that Defendant Owens was employed by Marshall County. The allegations of this paragraph are not directed to these Defendants, and no response is required.

8. Upon information and belief, it is admitted that Defendant Frazier was employed by the City of Lewisburg. The allegations of this paragraph are not directed to these Defendants, and no response is required.

9. It is admitted that Defendant, Bryce Roberts, was employed by the City of Lewisburg, Tennessee, as a law enforcement officer. It is denied that Defendant Roberts is liable to the Plaintiff by virtue of any theory of law.

10. Paragraph number 10 contains no factual allegations to which a response is required. It is specifically denied that these Defendants, Christopher Stallings or Bryce Roberts are liable to the Plaintiff by virtue of any theory of law whatsoever.

11. It is admitted that the City of Lewisburg, Tennessee, is a political subdivision of the State of Tennessee, and Christopher Stallings was an employee of the City. The remaining allegations of this paragraph are not directed to these Defendants, and no response is required. Defendants demand strict proof of the same.

12. It is admitted that Marshall County, Tennessee, is a political subdivision of the State of Tennessee, and upon information and belief, it is admitted that the Defendants, Miller, Burton and Summers, were employees of Marshall County. The remaining allegations of Paragraph Number 9 are not directed to these Defendants, and no response is required. Defendants demand strict proof of the same.

13. Denied as stated. Upon information and belief, it is averred that William Edward Jennette, Jr. was arrested based on his erratic and dangerous behavior, as a result of significant drug abuse. It is averred that Mr. Jennette's drug abuse caused him to behave erratically, dangerously, uncontrollably, and violently, and that this continued through the time of the incident which is the subject of this suit.

14. Upon information and belief, it is admitted that Mr. Jennette either continued or resumed erratic, dangerous, uncontrollable and violent behavior. These Defendants were not present and did not participate in the decision to remove Mr. Jennette from the cell, but upon information and belief, it is averred that such conduct was reasonable in all respects. It is further averred that Mr. Jennette had previously engaged in the same erratic, dangerous and uncontrollable conduct.

15. Denied as stated.

16. Denied as stated.

17. These Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph number 17 and therefore demand strict proof of same.

18. The allegations of this paragraph are not directed to these Defendants, and no response is required. To the extent a response is required, it is denied as stated.

19. Denied.

20. Denied.

21. It is admitted that Defendant Stallings heard a call for assistance, and that he responded. It is denied that Defendant Stallings was in the jail at the time of the call, and responded via radio call. It is averred that as Defendant Stallings entered the area and rounded the corner, one corrections officer was on the ground in distress, and that Mr. Jennette was actively engaged in erratic, dangerous, uncontrollable and violent behavior with respect to the other officers, was actively resisting them, and it appeared to be a danger.

22. Denied.

23. Denied as stated. It is averred that Mr. Jennette was engaged in erratic, dangerous, uncontrollable and violent behavior.

24. Denied as stated. It is averred that Mr. Jennette was actively engaged in erratic, dangerous, uncontrollable and violent behavior, that Mr. Jennette bit Defendant Stallings, and continued to actively and aggressively fight and resist the lawful and reasonable efforts to restrain him. Plaintiff's characterization that Mr. Jennette was placed in some sort of prone position, was restrained and cooperative, is denied.

25. Denied as stated.

26. It is admitted that Defendant Stallings placed both hands on Mr. Jennette, and it is averred that Defendant Stallings conduct was lawful and reasonable in all respects.

27. Denied.

28. It is admitted that the Officers attempted to get Mr. Jennette's arms and wrists in order to try to handcuff him. It is averred that Mr. Jennette continued his erratic, dangerous, uncontrollable and violent behavior, and continued to resist the lawful and reasonable efforts to restrain him.

29. Denied as stated.

30. Denied as to these Defendants. It is averred that pepper spray had been deployed on Mr. Jennette, and that Defendant Roberts was coughing.

31. Denied as stated. It is generally admitted and averred that Mr. Jennette continued to behave in an erratic, danger, uncontrollable and violent behavior, continued

5

to resist the officers lawful and reasonable attempts to restrain him, continued to try and get up, and may have made verbal statements indicating his desire to get up.

32. Denied as stated. It is admitted that Defendant Stallings used both hands and placed them on Mr. Jennette's head, and made the statement described as Mr. Jennette continued his erratic, dangerous, and uncontrollable behavior.

33. Denied as stated. It is generally admitted that Mr. Jennette was eventually secured over his erratic, dangerous, uncontrollable, and violent resistance to the lawful and reasonable attempts to restrain him.

34. It is admitted that Defendant Roberts held Mr. Jennette's arm. The remaining allegations are denied.

35. Denied as stated. It is generally admitted that as part of Mr. Jennette's erratic, dangerous, uncontrollable, and violent behavior, aggressively resisting the officers lawful and reasonable attempts to restrain him, Mr. Jennette also verbalized his desire to avoid being restrained.

36. It is generally admitted that Defendant Stallings called for someone to go get leg restraints, to prevent Mr. Jennette from getting up and continuing his erratic, dangerous, uncontrollable and violent behavior.

37. Denied.

38. Denied as stated.

39. It is admitted that Defendant Stallings called for assistance asking the other officers to get leg restraints while Mr. Jennette was on the ground continuing his erratic,

6

dangerous, uncontrollable and violent behavior and his continued efforts to try to get up and continue the fight against the officers lawful and reasonable attempts to restrain him.

40. The allegations in this paragraph are not directed to these Defendants, and no response is required. It is generally admitted that Mr. Jennette's legs were eventually restrained.

41. Denied as stated.

42. Denied as stated.

43. Denied.

44. It is admitted that Mr. Jennette was not moved from his position on the ground to a seated position. It is averred that Mr. Jennette initially continued his erratic, dangerous, uncontrollable and violent behavior, and that Mr. Jennette was given a moment to calm down.

45. Denied.

46. The allegations of this paragraph are not directed to these Defendants, and no response is required. To the extent a response is required, it is generally admitted that at some point during Mr. Jennette's erratic, dangerous, uncontrollable, and violent behavior, his legs were bent up. The remaining allegations are denied.

47. The allegations of this paragraph are not directed to these Defendants, and no response is required. To the extent a response is required, it is generally admitted that at some point during Mr. Jennette's erratic, dangerous, uncontrollable, and violent behavior, his legs were bent up. The remaining allegations are denied.

7

48. The allegations of this paragraph are not directed to these Defendants, and no response is required. These Defendants lack sufficient knowledge and information to admit or deny the allegations of this paragraph and demand strict proof of same.

49. The allegations of this paragraph are not directed to these Defendants, and no response is required. These Defendants lack sufficient knowledge and information to admit or deny the allegations of this paragraph and demand strict proof of same.

50. Denied.

51. The allegations of this paragraph are not directed to these Defendants, and no response is required. These Defendants lack sufficient knowledge and information to admit or deny the allegations of this paragraph and demand strict proof of same.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. It is admitted that Defendant Stallings made the statements described, and that each of these Defendants was engaged in lawful and reasonable conduct at all times. The remainder of this paragraph is denied as stated.

58. Denied as stated.

59. The allegations of this paragraph are not directed at these Defendants, and no response is required.

60. Denied.

8

61. Denied.

62. It is admitted that neither of these Defendants, Stallings or Roberts, attempted to move Mr. Jennette from his position on the ground to a seated position. The remaining allegations are denied as stated.

63. Denied.

64. Denied as to these Defendants, Stallings and Roberts. The remaining portions of this paragraph are not directed to these Defendants, and no response is required.

65. Denied as stated.

66. Denied.

67. Denied as stated.

68. Denied.

69. Denied.

70. Denied as stated.

71. It is generally admitted that Defendant Stallings made statements to Mr. Jennette, as Mr. Jennette was given a moment to calm down.

72. It is admitted that Defendant Stallings was concerned about the health of Mr. Jennette's victim and inquired of her.

73. The allegations in this paragraph are not directed to these Defendants, and no response is required.

74. Denied as stated.

75. Denied. It is specifically averred that Defendant Stallings did check

9

Mr. Jennette and monitored his medical condition, and in fact grew concerned and investigated further, leading to life-saving efforts. It is specifically denied that either of these Defendants engaged in any wrongful conduct or indifference to Mr. Jennette at any time.

76. Denied as stated.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied as stated. It is averred that Mr. Stallings became concerned about Mr. Jennette, investigated, rolled him over, and immediately started life-saving activities.

86. Denied as stated. It is averred that Mr. Jennette had stopped breathing, and the Defendants immediately began life-saving measures.

87. It is admitted that EMS arrived on the scene and performed CPR, but that Mr. Jennette expired. It is denied that this Defendant or any Defendants caused any such delay as referenced in this paragraph. Any allegation inconsistent with the foregoing is denied.

88. Denied.

89. Denied as stated. It is averred that the autopsy determined that Mr. Jennette's principal cause of death was his drug intoxication. While the word "homicide" does appear in the report, it is averred that the term does not have the meaning insinuated by the Plaintiff in this paragraph .

90. Denied.

91. Denied as stated.

92. Denied as stated.

93. These Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph, and demand strict proof of same.

94. Denied as stated.

95. Denied as stated.

96. Denied.

97. Denied as stated.

98. Denied.

99. Denied as to these Defendants. The remaining allegations of this paragraph are not directed to these Defendants, and no response is required. To the extent a response is required, these Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and therefore demand strict proof of same.

100. Denied as stated. Regardless, it is averred that Mr. Jennette was not compliant, and that all force deployed at any time was lawful and reasonable under the circumstances. It is specifically denied neither of these Defendants engaged in any

11

conduct with respect to Mr. Jennette that was wrongful in any way whatsoever. Any insinuation in this paragraph to the contrary is specifically denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Defendants incorporate the responses to all paragraphs in this Answer to the Amended Complaint as if fully and completely restated herein.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Defendants incorporate the responses to all paragraphs in this Answer to the Amended Complaint as if fully and completely restated herein.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Defendants incorporate the responses to all paragraphs in this Answer to the Amended Complaint as if fully and completely restated herein.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. It is denied that the Plaintiff is entitled to any relief set forth in the prayer for relief.

136. Any and all other allegations not heretofore admitted, denied, or explained are here and now denied as if taken up individually and denied separately.

# AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action against these Defendants, Christopher Stallings and Bryce Roberts, for which relief can be granted, and should be dismissed.

2. These Defendants demand a Jury of twelve (12) persons to try all issues joined in this cause. To the extent a twelve (12) person jury is not permitted, these Defendants demand a Jury of eight (8) persons to try all issues joined in this cause.

3. These Defendants assert all privileges and immunities in accordance with the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, et seq., including but not limited to the limitations on damages, and exclusive jurisdiction in the Circuit Court for Marshall County, Tennessee.

4. These Defendants assert the doctrine of qualified immunity. It is specifically averred that the conduct of these Defendant did not violate any clearly established constitutional right, and these Defendants are entitled to immunity.

5. These Defendants assert self-defense and defense of a fellow officer.

6. To the extent applicable, these Defendants assert the doctrine of comparative fault. These Defendants specifically asserts that the fault of Plaintiff's decedent, William Edward Jennette, Jr., is the sole cause of his injuries. These Defendants assert that the fault of Plaintiff's decedent, William Edward Jennette, Jr., be compared with the fault of all parties. To the extent that Plaintiff's decedent's fault is fifty (50) percent or more, then Plaintiff's claim is or may be barred.

7. It is averred that this Court should decline to exercise supplemental jurisdiction over any claims brought pursuant to the Tennessee Governmental Tort Liability Act, or other state law claims as may be presented. It is specifically averred that this Defendant retains total personal immunity for any state law claims pursuant to T.C.A. § 29-20-310, and to the extent the Plaintiff purports to assert any state law claim against him, same should be dismissed.

8. It is specifically averred that these Defendants engaged in proper and constitutional conduct that was objectively reasonable at all times. These Defendant were summoned to the jail due to a fight in progress, apparently initiated by Plaintiff's decedent, William Edward Jennette, Jr., and found Plaintiff's decedent, Mr. Jennette, engaged in erratic, dangerous, uncontrollable, and violent conduct. These Defendants' conduct was objectively appropriate and reasonable and did not violate any constitutional right of the Plaintiff's decedent or anyone else as a matter of law.

9. These Defendants reserve the right to supplement or amend this Answer based on further investigation and discovery.

10. These Defendants are entitled to their attorneys' fees pursuant to 42 U.S.C. § 1988.

Now, having fully answered the Amended Complaint against them, these Defendants ask that same be dismissed at Plaintiff's costs.

Respectfully submitted,

MOORE, RADER,
FITZPATRICK AND YORK, P. C.


By s/Daniel H. Rader IV, B.P.R. No.0025998
    DANIEL H. RADER IV


By s/Daniel H. Rader III, B.P.R. No. 002835
    DANIEL H. RADER III
    Attorneys for Defendant
    Christopher Stallings
    P. O. Box 3347
    Cookeville, TN 38502
    (931-526-3311)


CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing pleading was filed electronically on March 11, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    Mr. Benjamin K. Raybin
    Mr. David J. Weissman
    Raybin & Weissman, P.C.
    424 Church Street, Suite 2120
    Nashville, TN 37219

    Mr. Robert P. Gritton
    Gritton & Gritton, PLLC
    752 South Church Street
    Murfreesboro, TN 37130

    Mr. Robert M. Burns
    Howell & Fisher, PLLC
    3310 West End Avenue, Suite 550
    Nashville, TN 37203

16

Case 1:20-cv-00068   Document 34   Filed 03/11/21   Page 16 of 17 PageID #: 179

Mr. Michael T. Schmitt
Ortale Kelley Law Firm
330 Commerce Street, Suite 110
P. O. Box 198985
Nashville, TN 37201

Dated this the 11th day of March, 2021.

        MOORE, RADER,
        FITZPATRICK AND YORK, P. C.


       By <u>s/Daniel H. Rader IV, B.P.R. No.0025998</u>
        DANIEL H. RADER IV
        Attorneys for Defendant
        Christopher Stallings
        P. O. Box 3347
        Cookeville, TN 38502
        (931-526-3311)

17

Case 1:20-cv-00068   Document 34   Filed 03/11/21   Page 17 of 17 PageID #: 180