UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DOMINIQUE JENNETTE, next friend of William Edward Jennette, Jr., deceased, | )<br>)<br>) |
| *Plaintiff*, | )  Case No.: 1:20-cv-00068 |
| | )  Campbell/Holmes |
| vs. | )<br>) |
| CHRISTOPHER STALLINGS; *et al.*, | )  JURY DEMANDED |
| | ) |
| *Defendants*. | ) |

## COUNTY DEFENDANTS' ANSWER

Defendants Marshall County, TN, Brandon Miller, Kendra Burton, Sherrell Summers and Matthew Owens (collectively the "County Defendants") answer the Amended Complaint (the "Complaint") filed against them as follows:

GENERAL OBJECTION: Several of the paragraphs contained in the Complaint appear to be Plaintiff's recitation of events that can be seen and heard on different audio/video recordings exchanged during discovery. County Defendants object to Plaintiff's rendition of what can otherwise be seen and heard, and the chronology of Plaintiff's summary, to the extent they are different than what can plainly be seen and heard on the video recordings. This objection is incorporated into the responses below.

### I. JURISDICTION AND VENUE

1. County Defendants acknowledge that Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for alleged violation of Mr. Jennette's rights secured by the Fourteenth Amendment to the United States Constitution. County Defendants deny the remaining allegations in Paragraph

1 of the Complaint. County Defendants deny they violated Mr. Jennette's constitutional rights or other rights set out in the Complaint.

2. County Defendants admit that this Court has subject matter jurisdiction over the claims set out in the Complaint and that venue is proper. County Defendants reserve the right to request that the Court deny exercising supplement jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. County Defendants acknowledge that Plaintiff also brings a state law claim under the Tennessee Governmental Tort Liability Act ("GTLA") but deny liability thereunder.

## II. PARTIES

4. County Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 4 of the Complaint.

5. County Defendants admit that Stallings was employed by the City of Lewisburg, TN as a police officer and acknowledge that he is sued in his individual capacity. County Defendants lack information or knowledge sufficient to admit the remaining allegations contained in Paragraph 5 of the Complaint.

6. County Defendants admit that Miller, Burton and Summers were at all times material to the allegations in the Complaint acting in their capacities as Marshall County correctional officers (not deputy sheriffs) and were acting under color of state law. County Defendants acknowledge that these defendants are sued in their individual capacities but deny liability.

7. County Defendants admit Owens was acting in his capacity as a deputy sheriff and under color of state law. County Defendants acknowledge he is sued in his individual capacity by deny liability.

8. County Defendants admit Frazier was employed by the City of Lewisburg but lack information or knowledge sufficient to admit the remaining allegations in Paragraph 8 of the Complaint.

9. County Defendants admit Roberts was employed by the City of Lewisburg but lack information or knowledge sufficient to admit the remaining allegations in Paragraph 8 of the Complaint.

10. County Defendants acknowledge that Stallings, Miller, Burton, Summers, Owens, Frazier, and Roberts are collectively referred to as "Individual Defendants" in the Complaint.

11. County Defendants admit that City of Lewisburg, TN is a political subdivision of the State of Tennessee. County Defendants lack information or knowledge sufficient to admit the remaining allegations contained in Paragraph 11 of the Complaint.

12. County Defendants admit the allegations contained in Paragraph 12 of the Complaint.

### III. FACTUAL ALLEGATIONS

13. County Defendants admit that Mr. Jennette's booking report shows that he was arrested on or about May 4, 2020 by City of Lewisburg, TN police officers on charges of resisting arrest, public intoxication, and indecent exposure. County Defendants admit that Mr. Jennette was held at the Marshall County jail until his death. County Defendants deny that Mr. Jennette was arrested for non-violent offenses.

14. County Defendants admit that in the early morning hours of May 6, 2020, Mr. Jennette was banging his head against the cell door. County Defendants admit Mr. Jennette was in the cell by himself but deny that he did not pose a danger to anyone. County Defendants admit that they removed Mr. Jennette from his cell in order to place him in a restraint chair for his own safety.

15. County Defendants deny that Mr. Jennette "peacefully" came out of his cell. County Defendants admit that Miller attempted to remove Mr. Jennette from the cell. County Defendants otherwise deny Plaintiff's version of events as set out Paragraph 15 of the Complaint.

16. County Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Although Marshall County makes all efforts to ensure its jail is "fully secure," County Defendants deny that there was no risk of Mr. Jennette escaping the facility.

18. County Defendants admit that Miller, Burton and Summers attempted to gain control of Mr. Jennette, and that while Mr. Jennette was choking Miller, Miller physically struck Mr. Jennette. County Defendants deny the remaining allegations in Paragraph 18.

19. County Defendants admit that Mr. Jennette struggled with, or more accurately fought, Miller, but deny Plaintiff's assertion that he did so to "avoid being beaten."

20. County Defendants admit that Stallings arrived at the jail but are unsure if he was present when Mr. Jennette first started fighting the officers.

21. County Defendants deny that Mr. Jennette was being "beaten," but admit that Stallings ran to where Mr. Jennette was fighting the officers.

22. County Defendants do not remember this statement, although it appears that this statement can be heard on Stallings' body cam video recording.

23. County Defendants admit that Stallings assisted Miller and they both attempted to get control of Mr. Jennette.

24. County Defendants admit that at some point during the struggle, Mr. Jennette was in the prone position.

25. County Defendants admit that video evidence appears to show that at points, Stalling had his knee on Mr. Jennette's back but deny the remaining allegations contained in Paragraph 25 of the Complaint.

26. County Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. County Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. County Defendants deny that Mr. Jennette was being beaten, officers were using force to gain control of the situation. County Defendants admit that Stallings arrived to assist.

29. County Defendants do not recall Mr. Jennette making this statement.

30. County Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. County Defendants do not recall Mr. Jennette making this statement.

32. County Defendants admit that Stallings made a statement similar to what is alleged in Paragraph 32, but this was believed to be after Mr. Jennette bit Stallings' thumb.

33. County Defendants admit that Stallings assisted in trying to get Mr. Jennette in handcuffs.

34. County Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. County Defendants do not have a specific memory of Mr. Jennette saying "get off me" or "let me up," but video evidence might establish this. County Defendants lack information or knowledge sufficient to admit the remaining allegations contained in Paragraph 35 of the Complaint.

36. County Defendants admit that Mr. Jennette was placed in handcuffs and that someone, possible Stallings, called for leg restraints as Mr. Jennette was still kicking.

37. County Defendants admit that Summers brought leg restraints but deny the remaining allegations contained in Paragraph 37 of the Complaint.

38. County Defendants admit that Owens and Burton attempted to stop Mr. Jennette from kicking while leg restraints were being obtained.

39. County Defendants do not know if Stallings "encouraged" the use of leg restraints, but he did state to put them on.

40. County Defendants admit that Owens assisted in putting on the leg restraints but lack information or knowledge as to what Stallings believed.

41. County Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. County Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. County Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. County Defendants admit that they did not assist Mr. Jennette into a seated position.

45. County Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. County Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. County Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. County Defendants admit that Burton made a statement similar to what is set out in Paragraph 48 of the Complaint but deny that this was made while pressing Mr. Jennette's foot up behind his back. Mr. Jennette was kicking Burton as she tried to get the leg restraints on and the statement was made while she was being kicked.

49. County Defendants deny that Mr. Jennette's leg were placed behind his back. County Defendants admit that Mr. Jennette stated he could not breathe.

50. County Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. County Defendants admit that Burton made a comment similar to what is listed in Paragraph 51 of the Complaint.

52. County Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. County Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. County Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. County Defendants lack information or knowledge sufficient to admit the allegations made in Paragraph 55 of the Complaint.

56. County Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. County Defendants admit that Stallings made the statement set out in Paragraph 57 of the Complaint, which was after Mr. Jennette said he could not breathe.

58. County Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 58 of the Complaint.

59. County Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. County Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. County Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. County Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. County Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. County Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. County Defendants do not recall Mr. Jennette making the statement set out in Paragraph 65 of the Complaint.

66. County Defendants admit that Mr. Jennette was in the prone position, and he may have been in that position for three minutes, but deny the remaining allegations contained in Paragraph 66 of the Complaint.

67. County Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. County Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. County Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. County Defendants admit that Mr. Jennette may have said "it's all good," but deny that Plaintiff knows why Mr. Jennette said that.

71. County Defendants do not recall Stallings making this statement, although it may be audible in the recordings.

72. County Defendants admit that Stallings asked Burton if she was okay. County Defendants deny the remaining allegations contained in Paragraph 72 of the Complaint.

73. County Defendants admit that Burton said she can't breathe but deny that this was mocking. She immediately after states that this was because of the pepper spray.

74. County Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 74 of the Complaint.

75. County Defendants admit that Mr. Jennette can be heard making noises but deny the remaining allegations contained in Paragraph 75 of the Complaint.

76. County Defendants admit that Stallings asked for assistance in finding the taser prongs but otherwise deny the allegations contained in Paragraph 76 of the Complaint.

77. County Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. County Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. County Defendants admit that Mr. Jennette may have been in the prone position for about four minutes.

80. County Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. County Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. County Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. County Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. County Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. County Defendants admit that Stallings rolled Mr. Jennette over and that he appeared lifeless.

86. County Defendants admit that one or more officers attempted recovery efforts and CPR.

87. County Defendants admit that EMS arrived and attempted CPR but were unable to revive Mr. Jennette. County Defendants admit that Mr. Jennette was transferred to the ER and pronounced dead. County Defendants deny the remaining allegations contained in Paragraph 87 of the Complaint.

88. County Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 88 of the Complaint.

89. County Defendants admit that a manner of death listed on the autopsy report was homicide.

90. County Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. County Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 91 of the Complaint.

92. County Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 92 of the Complaint.

93. County Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 93 of the Complaint.

94. County Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 94 of the Complaint.

95. County Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. County Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. County Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. County Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. County Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. County Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. County Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. County Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. County Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. County Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. County Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106. County Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. County Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. County Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. County Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. County Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. County Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. County Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. County Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. County Defendants admit that Individual County Defendants were acting under color of law by virtue of their authority as officers and in the course and scope of their employment.

### COUNT 1: EXCESSIVE FORCE

115. No response is necessary.

116. County Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117. County Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. County Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119. County Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120. County Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121. County Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122. County Defendants deny the allegations contained in Paragraph 122 of the Complaint.

### COUNT 2: FAILURE TO PROTECT

123. No response is necessary.

124. County Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. County Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. County Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. County Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128. County Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129. County Defendants deny the allegations contained in Paragraph 129 of the Complaint.

**COUNT 3: STATE LAW CLAIM IN THE ALTERNATIVE FOR NEGLIGENCE**

130. No response is necessary.

131. County Defendants acknowledge that Plaintiff asserts claims pursuant to the GTLA but deny liability thereunder.

132. County Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133. County Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134. County Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135. County Defendants deny all allegations in the Complaint not specifically admitted in this Answer.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted. Of note, and pursuant to the provisions of Rule 12(b)(6), F.R.C.P., the County avers that Plaintiff's Complaint fails to allege or infer a recognizable or permitted cause of actions against it, inasmuch as Plaintiff presents to federal claims or causes of action against the County, and, pursuant to the provisions of the TGTLA, the County is immune from the state law claims Plaintiff presents in Count 3 of the Complaint. Further, punitive damages are not available against the County.

2. Brandon Miller, Kendra Burton, Sherrell Summers, and Matthew Owens assert the affirmative defense of qualified immunity. Miller, Burton, Summers, and Owens did not use any force on Mr. Jennette other than was necessary to gain control as he fought, bit, kicked and struggled against being detained. Further, Miller, Burton, Summers, and Owens did not fail to intervene in any alleged excessive use of force. First, they deny that excessive force was used. Second, as can be heard in the body camera video, the officers were aware of the dangers of positional asphyxia and were making sure that they were not putting pressure on Mr. Jennette's lungs as they wrestled to gain control of Mr. Jennette who continued to present a danger to the officers' safety. Third, Miller, Burton, Summers, and Owens observed Mr. Jennette breathing and observed Stallings' efforts to monitor Mr. Jennette's health and breathing.

3. County Defendants assert comparative fault against Mr. Jennette. Mr. Jennette decision to actively fight the officers and to ingest illegal drugs was the cause of his damages.

4. No injuries were the result of a County policy, practice or custom.

5. Marshall County asserts the defenses and immunities set out in the GTLA, including, but without limitation, the cap on damages and the civil rights exception to the general removal of immunity for claims of negligence.

6. County Defendants assert self-defense and defense of a fellow officer as an affirmative defense.

7. County Defendants assert that the Individual Officers' conduct was objectively reasonable and in good faith.

8. County Defendants are entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

9. County Defendants reserve the right to amend this Answer based on further investigation and discovery.

10. County Defendants demand a Jury of twelve (12) persons to try all issues joined in this cause. To the extent a twelve (12) person jury is not permitted, County Defendants demand a Jury of eight (8) persons to try all issues joined in this cause.

Respectfully Submitted By,

/s/ Michael T. Schmitt
D. Andrew Saulters, BPR #020275
Michael T. Schmitt, BPR #026573
THE ORTALE KELLEY FIRM
*Attorneys for County Defendants*
330 Commerce Street, Suite 110
Nashville, TN 37201
dsaulters@ortalekelley.com
mschmitt@ortalekelley.com
615-256-9999

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that March 24, 2021 a true and exact copy of this Answer has been sent via electronic mail through the Court's CM/ECF System to:

Benjamin K. Raybin
David J. Weissman
Raybin & Weissman, P.C.
424 Church Street, Suite 2120
Nashville, TN 37219
(615) 256-6666
Fax: (615) 254-4254
braybin@nashvilletnlaw.com
dweissman@NashvilleTnLaw.com

Robert P. Gritton
Gritton & Gritton, PLLC
752 South Church Street
Murfreesboro, TN 37130
(615) 867-0088
Fax: (615) 867-0089
robgritton@aol.com

*Attorneys for Plaintiff*

Daniel H. Rader , IV
Daniel Hurley Rader, III
Richard Lane Moore
Moore, Rader, Fitzpatrick and York, P.C.
46 N. Jefferson Ave.
P O Box 3347
Cookeville, TN 38501
(931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com
danrader@moorerader.com
lane@moorerader.com

*Attorneys for Christopher Stallings*

Robert M. Burns
Howell & Fisher, PLLC
3310 West End Avenue
Suite 550
Nashville, TN 37203
(615) 921-5211
Fax: (615) 244-3518
rburns@howell-fisher.com

*Attorney for City of Lewisburg, TN*

/s/ Michael T. Schmitt
Michael T. Schmitt