IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DOMINIQUE JENNETTE, next friend of William Edward Jennette, Jr., deceased, and in her personal capacity<br><br>  *Plaintiff*,<br><br>vs.<br><br>CHRISTOPHER STALLINGS;<br>BRANDON MILLER;<br>KENDRA BURTON;<br>SHERRELL SUMMERS:<br>MATTHEW OWENS,<br>LANDON FRAZIER,<br>BRYCE ROBERTS,<br>CITY OF LEWISBURG, TENNESSEE; and<br>MARSHALL COUNTY, TENNESSEE,<br><br>  *Defendants*. | Case No.: 1:20-cv-00068<br>Judge William L. Campbell, Jr.<br>Magistrate Judge Barbara D. Holmes<br><br>JURY DEMANDED |

## DEFENDANT CITY OF LEWISBURG'S ANSWER TO THE FIRST AMENDED COMPLAINT

The Defendant, City of Lewisburg, Tennessee (the "City"), hereby answers the First Amended Complaint ("FAC") filed against it as follows:

### JURISDICTION AND VENUE

1. To the extent that the assertions contained in the paragraph numbered 1 of the FAC are merely statements about Plaintiff's claims in this action, no response is required. To the extent that the assertions allege or infer liability on the part of the City, they are denied.

2. The City does not contest the jurisdictional statements which are based on or refer to 28 U.S.C. § 1331, § 1343(a)(3)(4) or 42 U.S.C. § 1983 as contained in the first and second sentences of the paragraph numbered 2 of the FAC. However, the City denies that this

case is appropriate for the Court to exercise its supplement jurisdiction pursuant to 28 U.S.C. § 1367(a). The City does not contest that venue is appropriate with this Court. Otherwise, to the extent that there is any inferred or implied claim of any improper act or omission by this Defendant, the City denies the same.

3. The City acknowledges that Plaintiff has alleged certain claims based upon state law and under the provisions of the Tenn. Govt. Tort Liability Act ("TGTLA"). The City denies that this Court should exercise its supplemental jurisdiction to adjudicate such claims.

## PARTIES

4. The City lacks knowledge or information sufficient to either admit or deny the allegations contained in the paragraph numbered 4 of the FAC.

5. The City admits that during the time of the events on which this action is based it employed Defendant Stallings. The City avers that all other allegations contained in the first sentence of the paragraph numbered 5 of the FAC raise legal issues to later be determined by the Court and require no response from this Defendant. The second sentence of the same numbered paragraph of the FAC does not require a response.

6. Upon information and belief, the City admits the allegations contained in the first sentence of the paragraph numbered 6 of the FAC. The second sentence of the same numbered paragraph of the FAC does not require a response.

7. Upon information and belief, the allegations contained in the paragraph numbered 7 of the FAC refer to other defendants and do not require a response from this Defendant.

8. The City admits that during the time of the events on which this action is based, it employed Defendant Frazier. The City avers that all other allegations contained in the first sentence of the paragraph numbered 8 of the FAC raise legal issues to be later determined by the

Court and require no response from this Defendant. The second sentence of the same numbered paragraph does not require a response from this Defendant.

9. The City admits that during the time of the vents on which this action is based it employed Defendants Roberts. The City avers that all other allegations contained in the first sentence of the paragraph numbered 9 of the FAC involve legal issues to be later determined by the Court and thus require no response from the Defendant. The second sentence of the paragraph numbered 9 of the FAC does not require a response from this Defendant.

10. The allegations contained in the paragraph numbered 10 of the FAC refer to other defendants and do not require a response from this Defendant.

11. The City admits the allegations contained in the first sentence of the paragraph numbered 11 of the FAC. To the extent the allegations contained in the second and fourth sentences of the paragraph numbered 11 of the FAC are or involve legal determinations to be made by the Court, no response is required from the City. The City admits the allegations contained in the third sentence of the paragraph numbered 11 of the FAC.

12. The allegations contained in the paragraph numbered 12 of the FAC refer to other defendants and do not require a response from this Defendant.

**FACTUAL ALLEGATIONS**

13-19. Every statement and allegation contained in the paragraphs numbered 13 through 19 of the FAC refers to acts or events involving Individual Defendants of Marshall County, and not the City. Therefore, based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from the City.

20. The City admits that it employed Officer Stalling as a police officer at the time of the incident. Any remaining allegations contained in the paragraph numbered 20 of the FAC are denied.

21-54. Every statement and allegation contained in the paragraphs numbered 21 through 54 of the FAC refers to acts or events involving the Individual Defendants, and not the City. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from the City. However, and out of an abundance of caution, to the extent that any allegations in the paragraphs numbered 21 through 54 are directed at Defendant Stallings, Roberts, and/or Frazier for the which the City could be liable, the City denies such allegations. Further, and upon information and belief, certain video and audio recordings of the some of events referenced in the FAC are believed to exist. To the extent that those recordings may serve to be the best evidence of what was said and done in relation to the acts of the Individual Defendants with Mr. Jennette, and to the extent that any of the allegations contained in the paragraphs numbered 21 – 54 of the FAC contradict or diverge from that best evidence, the City denies said allegations.

55. The City lacks knowledge or information sufficient to for a belief as to the truth of the allegations contained in the paragraph numbered 55 of the FAC.

56-86. Every statement and allegation contained in the paragraphs numbered 56-86 of the FAC refer to acts or events involving the Individual Defendants, and not the City. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs against this Defendant no response is required from the City. However, and out of an abundance of caution, to the extent that any allegations in the paragraphs numbered 56-86

are directed at Defendant Stallings, Roberts, and/or Frazier for the which the City could be liable, the City denies such allegations.

87. Upon information and belief, the City admits that Emergency Medical Services ("EMS") arrived at the jail and performed CPR on Mr. Jennette; however, CPR was not successful. Upon information and belief, the City further admits that EMS transported Mr. Jennette to the Marshall County Medical Center Emergency Room where he was pronounced dead. Any remaining allegations contained in the paragraph numbered 87 of the FAC are denied.

88. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph numbered 88 of the FAC.

89. The City admits that the autopsy report produced after Mr. Jennette's autopsy indicates that the cause of death was homicide.

90. The paragraph numbered 90 of the FAC is denied as stated.

91-94. The City lacks knowledge or information sufficient to form a response to the allegations contained in the paragraphs numbered 91-94 of the FAC is denied as stated.

95. The paragraph numbered 95 of the FAC is denied as stated.

96. The paragraph numbered 96 of the FAC is denied as stated.

97. The paragraph numbered 97 of the FAC is denied as stated.

98. The statement and allegations contained in the paragraph numbered 98 of the FAC refer to acts or events involving an Individual Defendant, and not the City. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from the City. However, and out of an abundance of caution, to the extent that any allegations in the paragraph numbered 98 are directed at Defendant Stallings for the which the City could be liable, the City denies such allegations.

99. The statement and allegations contained in the paragraph numbered 99 of the FAC refers to acts or events involving an Individual Defendant, and not the City. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from the City. However, and out of an abundance of caution, to the extent that any allegations in the paragraph numbered 99 are directed at Defendant Stallings, Roberts, and/or Frazier for the which the City could be liable, the City denies such allegations.

100. The paragraph numbered 100 of the FAC is denied as stated.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. To the extent that the allegations contained in the paragraph numbered 114 of the FAC involve legal issues to be alter determined by the Court, no response is required from the City. Otherwise, the City denies said allegations.

## COUNT 1: EXCESSIVE FORCE

115. The paragraph numbered 115 of the FAC requires no response from the City.

116-122. To the extent that allegations in the paragraphs numbered 116-122 of the FAC involve legal issues to be later determined by this Court, no response is required. Additionally, the statement and allegations contained in the paragraphs numbered 116-122 of the FAC refers to acts or events involving an Individual Defendant, and not the City. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from the City. However, and out of an abundance of caution, to the extent that any allegations in the paragraphs numbered 116-122 are directed at Defendant Stallings, Roberts, and/or Frazier for the which the City could be liable, the City denies such statements.

## COUNT 2: FAILURE TO PROTECT

123. The paragraph numbered 123 of the FAC requires no response from the City.

124-129. To the extent that allegations in the paragraphs numbered 124-129 of the FAC involve legal issues to be later determined by this Court, no response is required. Additionally, the statement and allegations contained in the paragraphs numbered 124-129 of the FAC refers to acts or events involving an Individual Defendant, and not the City. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from the City. However, and out of an abundance of caution, to the extent that any allegations in the paragraphs numbered 124-129 are directed

at Defendant Stallings, Roberts, and/or Frazier for the which the City could be liable, the City denies such statements.

### COUNT 3: STATE LAW CLAIM IN THE ALTERNATIVE FOR NEGLIGENCE

130. The paragraph numbered 130 of the FAC requires no response from the City.

131-134. To the extent that allegations in the paragraphs numbered 131-134 the FAC involve legal issues to be later determined by this Court, no response is required. Otherwise, the City denies the allegations in the paragraphs numbered 131-134 of the FAC.

### PRAYERS FOR RELIEF

To the extent that any of the allegations contained in the paragraphs numbered 1-9 under the heading "Prayers for Relief" in the FAC seek any form of compensation, damages, or other relief from the City of Lewisburg, the City of Lewisburg denies such claims.

Any allegations not previously addressed above are denied.

### AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff's FAC in this action fails to state a cause of action or any claim for relief against the City of Lewisburg, this Court should dismiss the FAC in its entirety or the Plaintiff's specific allegations. Of note, and pursuant to the provisions of Rule 12(b)(6), F.R.C.P., the City avers that Plaintiff's FAC fails to allege or infer a recognizable or permitted cause of actions against it, inasmuch as Plaintiff presents no federal claims or causes of action against the City, and, pursuant to the provisions of the TGTLA, the City is immune from the state law claims Plaintiff presents in Count 3 of the FAC.

2. No action or inaction of the City of Lewisburg deprived Plaintiff of any interest protected by the Federal Constitution, the Constitution of the State of Tennessee, or any other applicable federal or state statutes or laws.

3. To the extent necessary or as may be required, the City of Lewisburg avers that no custom, policy, or practice of the City of Lewisburg existed which contributed to the alleged violation of Plaintiff's constitutional rights; nor has Plaintiff sufficiently alleged facts under a *Monnell* theory of liability which would subject the City of Lewisburg to liability in this action.

4. To the extent necessary, the FAC fails to state a claim upon which relief can be granted regarding punitive damages against the City of Lewisburg, and therefore, Plaintiff's request for punitive damages should be dismissed.

5. To the extent which may become applicable, the City of Lewisburg specifically requests that any trial be bifurcated so that the issue of whether any individual officer violated Plaintiff's constitutional rights is determined prior to the issue of whether the municipality had an unconstitutional custom, policy, or practice.

6. The City of Lewisburg is not liable to Plaintiff for attorney's fees, costs, or any other form of damage or relief requested in this action.

7. The City of Lewisburg demands a jury to try this action.

8. The City of Lewisburg reserves the right to amend this pleading and plead further depending upon the facts as they are generated through the discovery process which may become available to it.

9. The City of Lewisburg avers that it should be awarded attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

10. The City asserts the defense of comparative fault, such that any negligent acts or omissions of Mr. Jennette should serve to reduce or bar any recovery Plaintiff may seek on a theory of negligence against the City.

11. The City affirmatively pleads and relies upon any all defenses available to it, under the Tenn. Govt. Tort Liability Act, and to the extent applicable the statutory cap on damages in Tennessee.

WHEREFORE, now having fully answered the First Amended Complaint, the City of Lewisburg prays that the Plaintiff takes nothing by way of the filing of this action, that this Court dismiss Plaintiff's claims with prejudice and that this Court assess all costs and discretionary costs against the Plaintiff and, to the extent permissible by law, this Court tax this Defendant's attorneys' fees and costs against the Plaintiff pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

*/s/ Samantha A. Burnett*
Robert M. Burns, #15383
Samantha A. Burnett, #037250
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203-1089
(615) 921-5228 Direct
(615) 244-3518 Fax
rburns@howell-fisher.com
sburnett@howell-fisher.com
*Attorneys for Defendant City*
*of Lewisburg, Tennessee*

# CERTIFICATE OF SERVICE

I certify that the foregoing City of Lewisburg's Answer to the First Amended Complaint was filed electronically on March 26, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system upon:

David J. Weissman, Esq., #25188
Benjamin K. Raybin, Esq., #29350
RAYBIN & WEISSMAN, PC
424 Church Street, Suite 2120
Nashville, TN 37219
braybin@nashvilletnlaw.com
dweissman@NashvilleTnLaw.com

Robert P. Gritton, Esq., 18472
GRITTON & GRITTON, PLLC
752 South Church Street
Murfreesboro, TN 37130
robgritton@aol.com
*Attorneys for Plaintiff*

Daniel H. Rader, III, Esq., #2835
Richard Lane Moore, Esq., #18815
Daniel H. Rader, IV, Esq., #25998
MOORE RADER FITZPATRICK & YORK PC
46 N. Jefferson Avenue
P. O. Box 3347
Cookeville, TN 38502-3347
danrader@moorerader.com
lane@moorerader.com
danny@moorerader.com
*Attorneys for Defendants*
*Christopher Stallings and Bryce Roberts*

D. Andrew Saulters, Esq. #20275
Michael T. Schmitt, Esq. #26573
THE ORTALE KELLEY FIRM
330 Commerce Street, Suite 110
Nashville, TN 37201
dsaulters@ortalekelley.com
mschmitt@ortalekelley.com
*Attorneys for County Defendants*
*(Brandon Miller, Kendra Burton, Sherrell Summers, Matthew Owens and Marshall County, TN)*


*/s/ Samantha A. Burnett*
Samantha A. Burnett