IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DOMINIQUE JENNETTE, next friend of William Edward Jennette, Jr., deceased, and in her personal capacity<br><br>    *Plaintiff*,<br><br>vs.<br><br>CHRISTOPHER STALLINGS;<br>BRANDON MILLER;<br>KENDRA BURTON;<br>SHERRELL SUMMERS:<br>MATTHEW OWENS,<br>LANDON FRAZIER,<br>BRYCE ROBERTS,<br>CITY OF LEWISBURG, TENNESSEE; and<br>MARSHALL COUNTY, TENNESSEE,<br><br>    *Defendants*. | Case No.: 1:20-cv-00068<br>Judge William L. Campbell, Jr.<br>Magistrate Judge Barbara D. Holmes<br><br>JURY DEMANDED |

## DEFENDANT LANDON FRAZIER'S ANSWER
## TO THE FIRST AMENDED COMPLAINT

The Defendant, Landon Frazier ("Frazier" or "Defendant"), hereby answers the First Amended Complaint ("FAC") filed against him as follows:

### JURISDICTION AND VENUE

1. To the extent that the assertions contained in the paragraph numbered 1 of the FAC are merely statements about Plaintiff's claims in this action, no response is required. To the extent that the assertions allege or infer liability on the part of Officer Frazier, they are denied.

2. Officer Frazier does not contest the jurisdictional statements which are based on or refer to 28 U.S.C. § 1331, § 1343(a)(3)(4) or 42 U.S.C. § 1983 as contained in the first and second

sentences of the paragraph numbered 2 of the FAC. However, Officer Frazier denies that this case is appropriate for the Court to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Officer Frazier does not contest that venue is appropriate with this Court. Otherwise, to the extent that there is any inferred or implied claim of any improper act or omission by this Defendant, Frazier denies the same.

3. Office Frazier acknowledges that Plaintiff has alleged certain claims based upon state law and under the provisions of the Tenn. Govt. Tort Liability Act ("TGTLA"). Officer Frazier denies that this Court should exercise its supplemental jurisdiction to adjudicate such claims.

**PARTIES**

4. Officer Frazier lacks knowledge or information sufficient to either admit or deny the allegations contained in the paragraph numbered 4 of the FAC.

5. Upon information and belief, Officer Frazier admits Defendant Stallings was employed by the City of Lewisburg during the time of the events on which this action is based. Officer Frazier avers that all other allegations contained in the first sentence of the paragraph numbered 5 of the FAC raise legal issues to later be determined by the Court and require no response from him. The second sentence of the same numbered paragraph of the FAC does not require a response.

6. Upon information and belief, Officer Frazier admits the allegations contained in the first sentence of the paragraph numbered 6 of the FAC. The second sentence of the same numbered paragraph of the FAC does not require a response.

7. The allegations contained in the paragraph numbered 7 of the FAC refer to other defendants and do not require a response from Officer Frazier.

8. Officer Frazier admits that during the time of the events on which this action is based, he was employed by the City of Lewisburg. Officer Frazier avers that all other allegations contained in the first sentence of the paragraph numbered 8 of the FAC raise legal issues to be later determined by the Court and require no response from him. The second sentence of the same numbered paragraph does not require a response from Officer Frazier.

9. Upon information and belief, Officer Frazier admits Defendant Roberts was employed by the City of Lewisburg during the time of the events on which this action is based. Officer Frazier avers that all other allegations contained in the first sentence of the paragraph numbered 9 of the FAC raise legal issues to later be determined by the Court and require no response from him. The second sentence of the same numbered paragraph of the FAC does not require a response.

10. The allegations contained in the paragraph numbered 10 of the FAC do not require a response from Officer Frazier.

11. Upon information and belief, the allegations contained in the paragraph numbered 11 of the FAC refer to another defendant and do not require a response from Officer Frazier.

12. The allegations contained in the paragraph numbered 12 of the FAC refer to other defendants and do not require a response from Officer Frazier.

## FACTUAL ALLEGATIONS

13-19. Every statement and allegation contained in the paragraphs numbered 13 through 19 of the FAC refers to acts or events involving Individual Defendants of Marshall County, and not Officer Frazier. Therefore, based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from Officer Frazier.

20. Officer Frazier admits that the City of Lewisburg employed Officer Stalling as a police officer at the time of the incident. Any remaining allegations contained in the paragraph numbered 20 of the FAC are denied.

21-29. Every statement and allegation contained in the paragraphs numbered 21 through 29 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from Officer Frazier. However, and out of an abundance of caution and upon information and belief, certain video and audio recordings of some of the events referenced in the FAC are believed to exist. To the extent that those recordings may serve to be the best evidence of what was said and done in relation to the acts of the Individual Defendants with Mr. Jennette, and to the extent that any of the allegations contained in the paragraphs numbered 21 – 29 of the FAC contradict or diverge from that best evidence, Officer Frazier denies said allegations.

30. Officer Frazier lacks knowledge or information sufficient to form a response as to the truth of the allegations contained in the paragraph numbered 30 of the FAC because he is not aware of what other Individual Defendants did or did not hear.

31-40. Every statement and allegation contained in the paragraphs numbered 31 through 40 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from Officer Frazier. However, and out of an abundance of caution and upon information and belief, certain video and audio recordings of some of the events referenced in the FAC are believed to exist. To the extent that those recordings may serve to be the best evidence of what was said and done in relation to the

acts of the Individual Defendants with Mr. Jennette, and to the extent that any of the allegations contained in the paragraphs numbered 31 – 40 of the FAC contradict or diverge from that best evidence, Officer Frazier denies said allegations.

41. The paragraph numbered 41 of the FAC is denied as stated.

42. The paragraph numbered 42 of the FAC is denied as stated.

43. The paragraph numbered 43 of the FAC is denied as stated.

44. Officer Frazier admits that Mr. Jennette was not moved to a seated position from his position on the floor during the time he was acting in a dangerous, uncontrollable, and violent manner.

45. Denied.

46-49. Every statement and allegation contained in the paragraphs numbered 46 through 49 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from Officer Frazier. However, and out of an abundance of caution and upon information and belief, certain video and audio recordings of some of the events referenced in the FAC are believed to exist. To the extent that those recordings may serve to be the best evidence of what was said and done in relation to the acts of the Individual Defendants with Mr. Jennette, and to the extent that any of the allegations contained in the paragraphs numbered 46 - 49 of the FAC contradict or diverge from that best evidence, Officer Frazier denies said allegations.

50. Officer Frazier lacks knowledge or information sufficient to form a response as to the truth of the allegations contained in the paragraph numbered 50 of the FAC because he is not aware of what other Individual Defendants did or did not hear.

51. Every statement and allegation contained in the paragraph numbered 51 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from Officer Frazier. However, and out of an abundance of caution and upon information and belief, certain video and audio recordings of some of the events referenced in the FAC are believed to exist. To the extent that those recordings may serve to be the best evidence of what was said and done in relation to the acts of the Individual Defendants with Mr. Jennette, and to the extent that any of the allegations contained in the paragraph numbered 51 of the FAC contradict or diverge from that best evidence, Officer Frazier denies said allegations.

52. Every statement and allegation contained in the paragraph numbered 52 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from Officer Frazier. However, and out of an abundance of caution and upon information and belief, certain video and audio recordings of some of the events referenced in the FAC are believed to exist. To the extent that those recordings may serve to be the best evidence of what was said and done in relation to the acts of the Individual Defendants with Mr. Jennette, and to the extent that any of the allegations contained in the paragraph numbered 52 of the FAC contradict or diverge from that best evidence, Officer Frazier denies said allegations.

53. Denied.

54. Denied.

55. Officer Frazier lacks knowledge or information sufficient to for a belief as to the truth of the allegations contained in the paragraph numbered 55 of the FAC.

56. Denied.

57. Upon information and belief, Officer Frazier admits that Officer Stallings made a statement regarding positional asphyxiation. However, Officer Frazier lacks knowledge or information sufficient to form a response as to the truth of the quote provided in the paragraph numbered 57 of the FAC. All remaining allegations contained in paragraph 57 are denied.

58. Every statement and allegation contained in the paragraph numbered 58 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraph, no response is required from Officer Frazier.

59. Officer Frazier admits that he was holding Mr. Jennette's right leg in a bent position towards his buttocks. All remaining allegations contained in the paragraph numbered 59 of the FAC are denied.

60. Every statement and allegation contained in the paragraph numbered 60 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraph, no response is required from Officer Frazier.

61. Denied.

62. Officer Frazier admits that the Individual Defendants did not move Mr. Jennette from his position on the floor to a seated position. All remaining allegations contained in paragraph 62 are denied.

63. Denied.

64. The paragraph numbered 64 of the FAC is denied as stated as it relates to Officer Frazier.

65. The paragraph numbered 65 of the FAC is denied as stated.

66. The paragraph numbered 66 of the FAC is denied as stated as it relates to Officer Frazier.

67. Denied.

68. Denied.

69. Denied.

70. The paragraph numbered 70 of the FAC is denied as stated.

71-74. Every statement and allegation contained in the paragraphs numbered 71-74 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from Officer Frazier.

75. Denied.

76. Every statement and allegation contained in the paragraph numbered 76 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraph, no response is required from Officer Frazier.

77. Denied.

78. Denied.

79. Denied.

80. Every statement and allegation contained in the paragraph numbered 80 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore,

and based on the lack of claims or allegations in the afore-referenced numbered paragraph, no response is required from Officer Frazier.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Every statement and allegation contained in the paragraph numbered 85 of the FAC refers to acts or events involving other Individual Defendants, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraph, no response is required from Officer Frazier.

86. Officer Frazier admits that some of the Individual Defendants began life-saving measures. All remaining allegations contained in paragraph 86 of the FAC are denied as stated.

87. Upon information and belief, Officer Frazier admits that Emergency Medical Services ("EMS") arrived at the jail and performed CPR on Mr. Jennette; however, CPR was not successful. Upon information and belief, Officer Frazier further admits that EMS transported Mr. Jennette to the Marshall County Medical Center Emergency Room where he was pronounced dead. Any remaining allegations contained in the paragraph numbered 87 of the FAC are denied.

88. Officer Frazier lacks knowledge or information sufficient to form a response as to the truth of the allegations contained in the paragraph numbered 88 of the FAC.

89. Officer Frazier admits that the autopsy report produced after Mr. Jennette's autopsy indicates that the cause of death was homicide.

90. The paragraph numbered 90 of the FAC is denied as stated.

91-94. Officer Frazier lacks knowledge or information sufficient to form a response to the allegations contained in the paragraphs numbered 91-94 of the FAC.

95. The paragraph numbered 95 of the FAC is denied as stated.

96. The paragraph numbered 96 of the FAC is denied as stated.

97. The paragraph numbered 97 of the FAC is denied as stated.

98. The statement and allegations contained in the paragraph numbered 98 of the FAC refer to acts or events involving an Individual Defendant, and not Officer Frazier. Therefore, and based on the lack of claims or allegations in the afore-referenced numbered paragraphs, no response is required from Officer Frazier.

99. Denied.

100. The paragraph numbered 100 of the FAC is denied as stated.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. To the extent that the allegations contained in the paragraph numbered 114 of the FAC involve legal issues to be alter determined by the Court, no response is required from Officer Frazier. Otherwise, Officer Frazier denies said allegations.

## COUNT 1: EXCESSIVE FORCE

115. The paragraph numbered 115 of the FAC requires no response from the City.

116-122. To the extent that allegations in the paragraphs numbered 116-122 of the FAC involve legal issues to be later determined by this Court, no response is required. Otherwise, Officer Frazier denies the allegations in the paragraphs numbered 116-122 of the FAC.

## COUNT 2: FAILURE TO PROTECT

123. The paragraph numbered 123 of the FAC requires no response from the City.

124-129. To the extent that allegations in the paragraphs numbered 124-129 of the FAC involve legal issues to be later determined by this Court, no response is required. Otherwise, Officer Frazier denies the allegations in the paragraphs numbered 124-129 of the FAC.

## COUNT 3: STATE LAW CLAIM IN THE ALTERNATIVE FOR NEGLIGENCE

130. The paragraph numbered 130 of the FAC requires no response from the City.

131-134. To the extent that allegations in the paragraphs numbered 131-134 of the FAC involve legal issues to be later determined by this Court, no response is required. Otherwise, Officer Frazier denies the allegations in the paragraphs numbered 131-134 of the FAC.

## PRAYERS FOR RELIEF

To the extent that any of the allegations contained in the paragraphs numbered 1-9 under the heading "Prayers for Relief" in the FAC seek any form of compensation, damages, or other relief from Officer Frazier, he denies such claims.

Any allegations not previously addressed above are denied.

## AFFIRMATIVE DEFENSES

1. To the extent that Plaintiff's FAC in this action fails to state a cause of action or any claim for relief against Officer Frazier, this Court should dismiss the FAC in its entirety or the Plaintiff's specific allegations.

2. No action or inaction of Officer Frazier deprived Plaintiff of any interest protected by the Federal Constitution, the Constitution of the State of Tennessee, or any other applicable federal or state statutes or laws.

3. In the alternative, if the Court finds Officer Frazier violated any right of the Plaintiff, the right was not clearly established under the circumstances at issue in this case.

4. Officer Frazier affirmatively pleads and relies upon the defense of qualified immunity, such that it should be clear that any reasonable public official considering the totality of the circumstances upon which this action is based would have acted as he did under the circumstances.

5. To the extent which may become applicable, Officer Frazier specifically requests that any trial be bifurcated pursuant to Rule 42(b), F.R.C.P.

6. Officer Frazier is not liable to Plaintiff for attorney's fees, costs, or any other form of damage or relief requested in this action.

7. Officer Frazier demands a jury to try this action.

8. Officer Frazier reserves the right to amend this pleading and plead further depending upon the facts as they are generated through the discovery process which may become available to him.

9. Officer Frazier avers that he should be awarded attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, now having fully answered the First Amended Complaint, Officer Frazier prays that the Plaintiff takes nothing by way of the filing of this action, that this Court dismiss Plaintiff's claims with prejudice and that this Court assess all costs and discretionary costs against the Plaintiff and, to the extent permissible by law, this Court tax this Defendant's attorneys' fees and costs against the Plaintiff pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

*/s/ Samantha A. Burnett*
Robert M. Burns, #15383
Samantha A. Burnett, #037250
HOWELL & FISHER, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203-1089
(615) 921-5228 Direct
(615) 244-3518 Fax
rburns@howell-fisher.com
sburnett@howell-fisher.com
*Attorneys for Defendant City of Lewisburg, Tennessee and Ofc. Landon Frazier*

# CERTIFICATE OF SERVICE

I certify that the foregoing Answer to the First Amended Complaint by Defendant Frazier was filed electronically on April 14, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system upon:

David J. Weissman, Esq., #25188
Benjamin K. Raybin, Esq., #29350
RAYBIN & WEISSMAN, PC
424 Church Street, Suite 2120
Nashville, TN 37219
braybin@nashvilletnlaw.com
dweissman@NashvilleTnLaw.com

Robert P. Gritton, Esq., 18472
GRITTON & GRITTON, PLLC
752 South Church Street
Murfreesboro, TN 37130
robgritton@aol.com
*Attorneys for Plaintiff*

Daniel H. Rader, III, Esq., #2835
Richard Lane Moore, Esq., #18815
Daniel H. Rader, IV, Esq., #25998
MOORE RADER FITZPATRICK & YORK PC
46 N. Jefferson Avenue
P. O. Box 3347
Cookeville, TN 38502-3347
danrader@moorerader.com
lane@moorerader.com
danny@moorerader.com
*Attorneys for Defendants
Christopher Stallings and Bryce Roberts*

D. Andrew Saulters, Esq. #20275
Michael T. Schmitt, Esq. #26573
THE ORTALE KELLEY FIRM
330 Commerce Street, Suite 110
Nashville, TN 37201
dsaulters@ortalekelley.com
mschmitt@ortalekelley.com
*Attorneys for County Defendants
(Brandon Miller, Kendra Burton, Sherrell
Summers, Matthew Owens and Marshall
County, TN)*


*/s/ Samantha A. Burnett*
Samantha A. Burnett